**CELLULAR PHONE TASKFORCE, et al., Petitioners,**

**Cellular Telecommunications Industry Association, National Association of Broadcasters, Association for Maximum Service Television, Inc., Electromagnetic Energy Association, and AT&T Wireless Services, Inc., Intervenors,**

v.

**FEDERAL COMMUNICATIONS COMMISSION and United States of America, Respondents.**

**Docket Nos. 97–4328(L), 98–4003(Con), 98–4005(Con), 98–4025(Con), 98–4122(Con).**

United States Court of Appeals, Second Circuit.

Argued April 5, 1999

Decided Feb. 18, 2000

Petition for Rehearing Filed April 3, 2000

Decided June 6, 2000

---

Edward J. Collins, Cambridge, Massachusetts, petitioner.

Before: NEWMAN, WALKER, and SACK, Circuit Judges.

## ON PETITION FOR REHEARING

### PER CURIAM:

Petitioner Cellular Phone Taskforce ("CPT") has petitioned for rehearing to reconsider our decision in *Cellular Phone Taskforce v. FCC*, 205 F.3d 82 (2d Cir. 2000). We assume familiarity with our earlier decision.

CPT requests, *inter alia*, that we reconsider our determination that CPT's claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and the Rehabilitation Act, 29 U.S.C. § 701 *et seq.* were not properly before us. In response to our decision that an FCC staff member's ruling on these claims was not an appealable final order of the FCC, CPT argues that the FCC did not issue a final order only because it impermissibly delegated its final decision to an agency staff member. We express no view as to the FCC's delegation of decisionmaking but, on reconsideration, agree that on the facts of this case CPT had done all it reasonably could to secure a final agency determination. Considering the discretion we have to review non-final agency determinations, *see National Black Media Coalition v. FCC*, 791 F.2d 1016, 1021 (2d Cir.1986), we have chosen to consider the merits of CPT's claims.

■ CPT filed suit under Title II of the ADA, alleging that the FCC had forced states and local governments to discriminate against electrically sensitive people in violation of the ADA. *See* 42 U.S.C. § 12132 ("[N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in ... the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity"). CPT's claim fails, however, because Title II of the ADA is not applicable to the federal government. *See* 42 U.S.C. § 12131(1) ("The term 'public entity' means ... any State or local government" or "any department, agency, special purpose district, or other instrumentality" thereof). Regardless of how the actions of state and local governments may or may not be affected by the FCC's challenged guidelines, the FCC itself cannot be made liable under Title II of the ADA.

■ CPT's claim under the Rehabilitation Act is also unavailing. CPT argues that the FCC's guidelines violate the Rehabilitation Act by permitting the proliferation of FCC-regulated radio frequency ("RF") transmitters. This misconstrues the scope of the Rehabilitation Act's protections. In this context, the Rehabilitation Act applies only to the discriminatory denial of the benefits of a "program or activity" of the FCC. 29 U.S.C. § 794(a). CPT claims that electrically sensitive people are generally being excluded from aspects of modern life by the proliferation of RF transmitters. But CPT does not allege that electrically sensitive people are

being denied the benefit of, or are subject to discrimination under, any "program or activity" *of the FCC.* Thus, CPT's Rehabilitation Act claim against the FCC is without merit.

We have considered CPT's remaining arguments for rehearing and find them to be without merit. The petition for rehearing is therefore denied.